# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCED FOOD CENTER, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00969-AWI-SAB<br><br>ORDER ENTERING STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 24) |

## STIPULATION FOR ENTRY OF PROTECTIVE ORDER

COMES NOW, Plaintiff HENDRIK BLOCK (herein "Plaintiff") by and through his counsel of record TANYA MOORE of the MOORE LAW FIRM; and Defendants, MERCED FOOD CENTER and HAMID YAHYA, by and through their counsel of record ROGER S. BONAKDAR of the BONAKDR LAW FIRM, stipulate and agree herein as follows:

WHEREAS the parties in this action pending before the United States District Court for the Eastern District of California, entitled *Block v Merced Food Center, et al*; Case No. 1:19-CV-00969-AWI-SAB (herein "Action",) anticipate that during the course of resolving this Action, disclosure of Defendants' privileged CASp Report may occur to Plaintiff and/or his counsel of record herein. The parties wish to protect the confidentiality of the CASp Report or information contained therein, from disclosure to third party persons, or persons not directly involved in this Action.

///

1

1       Therefore, the parties stipulate and agree to the following terms, and respectfully request
2 that the Court approve and enter the following proposed Protective Order Re Confidentiality of
3 the CASp Report.
4       WHEREAS, this is an action for violation of the Americans with Disabilities Act on the
5 premises of Merced Food Center, located at 1150 Martin Luther King Jr. Way, Merced,
6 California (herein "Premises").
7       WHEREAS, Defendants are in possession of a CASp report, which contains privileged,
8 confidential, and private information as to the Premises.
9       WHEREAS the parties are in the process of resolving this matter, and in the process of
10 resolving this matter, Plaintiff and/or his counsel has requested a copy of the privileged CASp
11 Report.
12       THEREFORE it is stipulated and agreed that Defendants will provide Plaintiff by and
13 through his counsel of record, with a true and correct copy of their CASp Report for the
14 Premises.
15       THEREFORE, it is further stipulated and agreed that the Premises' CASp Report, or any
16 of its contents, shall not be disclosed to any person and/or entity other than Plaintiff and/or his
17 counsel, for any purposes.
18       THEREFORE, it is further stipulated and agreed that neither Plaintiff nor Plaintiff's
19 counsel shall disclose or share Defendants' CASp Report, or any portion thereof, with any
20 person not expressly identified herein. This includes a prohibition on copies or circulation of the
21 CASp Report or any part thereof.
22       THEREFORE, it is further stipulated and agreed that after disposition of this matter, the
23 CASp Report shall remain confidential.
24       THEREFORE, it is further stipulated and agreed that should Plaintiff and/or his counsel
25 learn that, by mistake, inadvertence, or otherwise, that the CASp Report has been disclosed to an
26 unauthorized person or entity, Plaintiff and/or his counsel shall use their best efforts to retrieve
27 all unauthorized disclosures and/or unauthorized copies of the CASp Report.
28 ///

1    THEREFORE, it is further stipulated and agreed that the Court shall retain jurisdiction
2 over all persons to be bound by the terms of this Protective Order, during the pendency of this
3 action and for such time thereafter as is needed to carry out its terms.
4    The prevailing party in any effort to enforce this Order shall be entitled to reasonable
5 attorney's fees and costs.
6    IT IS FURTHER STIPULATED that this stipulation may be executed in multiple
7 counterparts, and that said counterparts (when offered together) shall constitute a fully executed
8 original. In this regard, signatures by facsimile shall be given the same force and effect as
9 originals.
10 IT IS SO STIPULATED.

11 Date:  March ___, 2020                         MOORE LAW FIRM, P.C.

12                                                /S/ Tanya Moore

13                                                Tanya Moore

14                                                Attorney for Plaintiff,

15                                                HENDRIK BLOCK

16

17 Date:  March ____, 2020                        BONAKDAR LAW FIRM

18

19                                                /S/ Roger S. Bonakdar

20                                                ROGER S. BONAKDAR

21                                                Attorney for Defendants,

22                                                MERCED FOOD CENTER and

23                                                HAMID YAHYA

24 ///
25 ///
26 ///
27 ///
28 ///

**ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is entered;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009); and

4. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated: __**March 24, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE